IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**ROBERT GROSS,**

    **Plaintiff,**

vs.                                                        CV No. 10-0557 JCH/DJS

**JULIE TRUJILLO, JERRY**
**NIXON, and TOWN OF**
**BERNALILLO,**

    **Defendants.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for a Protective Order **[Doc. No. 37]**, filed on January 12, 2011, and fully briefed on January 31, 2011. Defendants move the Court to limit discovery in this matter. Specifically, Defendants request the Court preclude Plaintiff from asking any questions or seeking materials which relate to the following: "(1) the identity or specific information pertaining to confidential informants; (2) training or personnel records; (3) prior complaints, disciplinary action (administrative action), internal investigations, tort claims, civil or criminal suits, any of which relate to Defendants' work as law enforcement officers; (4) training and/or policies and procedures of the Bernalillo Police Department; (5) any questions related to Defendant Nixon's workers' compensation injury; (6) criminal records if any; (7) medical mental health, or other records referring to Defendants' fitness as law enforcement officers; (8) preclusion of any questions which relate to reasonable suspicion to stop Plaintiff or probable cause to arrest Plaintiff on April 19, 2008; and (9) limit any and all

questions which address what force was used and whether the force used was reasonable under the circumstances, based on the allegations set forth in the complaint." Defs.' Mot. Prot. Order, pp. 1-2.

Defendants also request (1) attorneys fees and costs associated with the filing of the present motion and counsel's appearance at the deposition; (2) reimbursement of Defendant Trujillo's travel expenses for her round trip from Jemez to Albuquerque; and (3) additional payment of a witness fee for any future deposition scheduled with Defendant Trujillo. Plaintiff requests attorney fees and costs in defending this motion.

## I.  Background

On April 19, 2008, Defendant Trujillo followed Plaintiff into the parking lot of Bernalillo Tire Company in Bernalillo, New Mexico. Compl. ¶5. Defendant Trujillo approached Plaintiff and addressed him by name. Defendant Trujillo asked Plaintiff what he was doing out late. *Id.* ¶6. Defendant Nixon joined Defendant Trujillo and both defendants begin harassing Plaintiff and informed him they had been following him for two years. *Id.* 7. Defendants asked to search Plaintiff's car, but Plaintiff denied consent to search as the car belonged to his mother-in-law. *Id.* ¶¶8, 9. Defendants then asked Plaintiff to empty his pockets. *Id.* ¶10. After emptying his pockets, Defendant Trujillo grabbed Plaintiff by his wrists and asked him if there was anything else in his pockets. *Id.* ¶¶ 11, 12. Defendant Nixon then shot Plaintiff with a taser gun. *Id.* ¶13. Plaintiff fell to the floor, and Defendant Nixon shot him with a second taser gun. *Id.* ¶14. In addition, defendants pressed their knees into Plaintiff's back while he was still disoriented from the shock of the taser guns. *Id.* ¶15. Plaintiff claims he sustained injuries as a result of defendants' excessive force. *Id.* ¶16.

Plaintiff filed this action, alleging defendants violated his Fourth Amendment right to be

free from the use of excessive force.  Plaintiff also alleges Defendants' use of excessive force constituted battery.  Additionally, Plaintiff contends he is entitled to punitive damages because Defendants' actions were willful, wanton and in reckless disregard of his constitutional rights.

## II.  Discussion

Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers "the purpose discovery is intended to serve– advancing the quest for truth."  *Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646 (1988).  Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause the court may order discovery of any matter relevant to the subject matter involved in the action."  FED.R.CIV.P. 26(b)(1).  The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  FED.R.CIV.P. 26(b)(1).

"[W]hen a party objects that discovery goes beyond that relevant to the claims or defenses, 'the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.'" *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir. 2009)(quoting FED.R.CIV.P.26 advisory committee's note (2000)).  "[T]he actual scope of discovery should be determined according to the reasonable needs of the action.  The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery request."  *Id.*

> Moreover, under Rule 26(b)(2),
>
> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED.R.CIV.P. 26(b)(2)(C)(iii).  The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED.R.CIV.P.26(1)(A) & (D).

Defendants argue that because Plaintiff's entire case is focused on the incident which occurred on April 19, 2008, and whether or not excessive force/battery occurred during that incident," he should not be allowed to seek discovery into any other areas such as "inadequate training, supervision, retention, false arrest, unlawful search or seizure, or municipal liability." Defs.' Mot. Protective Order at 6-7.  Accordingly, Defendants seek to limit or restrict Plaintiff from asking any questions or seeking materials which relate to anything but the issue of excessive force or battery.  For example, Defendants seek to preclude Plaintiff from "seeking documents or information pertaining to Defendants' histories as law enforcement officers in any respect." *Id*. at 7.  Additionally, Defendants also move the Court to "preclude Plaintiff from asking any questions of any witness about Defendant Nixon's current injury, the incident involved, or any questions which relate to either Defendant's Nixon's or Defendant's Trujillo's performance, history, training, disciplinary action (if any), any complaints, civil cases, or tort claims which may have been filed in relation to their law enforcement activities." *Id.* at 11.

Specifically, Defendants object to the following discovery requests:

Interrogatory No. 2 seeks all training provided to Bernalillo Police Officers present or involved in the underlying incident. Defendants object to Interrogatory No. 2 on the basis of relevancy. Defendants' Interrogatory No. 4 and Request for Production No. 7 seek all Bernalillo Police Department policies which were in place at the time of the April 19th incident. Defendants object to these discovery requests on the basis of relevancy.

Defendants have not met the threshold requirement of establishing good cause. Defendants have not shown how responding to Plaintiff's Interrogatory No. 2, Interrogatory No. 4 and Request for Production No. 7 will cause annoyance, embarrassment, oppression or undue burden. Moreover, these discovery requests are relevant to the subject matter of this action and appear reasonably calculated to lead to the discovery of admissible evidence.

Defendants also object to "Plaintiff's requests which ask whether any administrative proceedings, internal investigations, complaints, civil suits, tort claims, arrests, grievances by inmates, personnel records were submitted or filed against Defendants" and Plaintiff's request for production of any related materials." Defs.' Mot. Protective Order at 16. Interrogatory No. 3, Interrogatory No. 8, Interrogatory No. 11, Interrogatory No. 14, Interrogatory No. 16, Requests for Production Nos. 1-4 fall under this objection. Defendants object to this discovery requests on the grounds of relevancy, oppression and undue burden. However, other than to make conclusory statements, Defendants have not met the threshold requirement of establishing good cause. Defendants have not shown how responding to these discovery requests will cause annoyance, embarrassment, oppression or undue burden.

Finally, Defendants object to any discovery requests "seeking materials related to whether reasonable cause existed to stop Plaintiff or probable cause existed to arrest him" on the

5

grounds of relevancy.  Defendants contend that since Plaintiff pled guilty to attempted possession of Methamphetamine in relation to the April 19th arrest, these questions "are completely misplaced" as there are no "unlawful search/seizure or false arrest claims asserted in the complaint."  Defs.' Mot. Protective Order at 17.  Defendants claim this line of questioning is "designed solely to harass and oppress the Defendants."  *Id.*

Interrogatory No. 17 states, "Describe your version of all the events relevant to Plaintiff's claims, including a timeline of those events.  Please include in your description each and every criminal offense for which Officer Julie Trujillo had reasonable suspicion or probable cause to suspect Plaintiff of being implicated in, and the detailed factual basis for such reasonable suspicion or probable cause."  *Id.*; Ex. 1.  Defendants have not met the threshold requirement of establishing good cause.  These discovery requests are relevant to the subject matter of this action and appear reasonably calculated to lead to the discovery of admissible evidence.

As to the identity of confidential informants who may have provided Defendant Trujillo with information related to Plaintiff's drug activities prior to the April 19th incident, Defendants contend this area of inquiry is wholly improper as it has "nothing to do with the claims asserted in this case."  *Id.*

The "informer's privilege" allows the government to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."  *See Rovario v. United States*, 353 U.S. 53, 59 (1957).  The government has a legitimate public policy interest in preventing the disclosure of the names of confidential informants.  *Id.* at 64.  The informer's privilege applies in both civil and criminal actions, although the privilege is stronger in civil litigation than in criminal.  *In re United States*, 565 F.2d 19, 22 (2d Cir. 1977).  However, the privilege is not absolute in either. Where the

6

identification of an informer or the production of his communications is essential to a fair determination of the issues in the case, the privilege cannot be invoked. *Roviaro,* 353 U.S. at 60-61. The need for disclosure depends on the "particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*. at 62. In short, the problem "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*.

In this case, the balancing test favors nondisclosure of the informant's identity. However, the content of the information provided by the confidential informant to Defendants regarding Plaintiff's "criminal activity" is relevant to the subject matter of this action. Accordingly, the Court will grant Defendants' Motion for a Protective Order as to the identity of the confidential informant and deny it otherwise, subject to a confidentiality order. The parties should confer and reach an agreement on a confidentiality order and submit it to the Court for approval. As both parties contributed to the need for the filing of the instant motion, the Court will deny both parties' requests for attorney fees and costs.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion for a Protective Order is **GRANTED**, in part, and **DENIED,** in part.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**